UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KENESHA DANAE MARTIN,

    *Plaintiff*,

v.                          Case No.  SA-21-CV-01123-JKP

KILOLO KIJAKAZI, ACTING COM-
MISSIONER OF SOCIAL SECURITY;

    *Defendant*.


## CLARIFICATION ORDER

Before the Court is Plaintiff's counsel David Chermol's Motion to Amend Judgment Under Federal Rule of Civil Procedure 59(e). *ECF No. 24*. Defendant responded. *ECF No. 25*. Upon consideration, the Motion is held in abeyance, the Court provides clarification of the subject Order, and the Court invites briefing on additional issues.

### Factual Background

On June 21, 2022, this Court granted Defendant's Unopposed Motion to Reverse with Remand for further proceedings before the Social Security Administration, and the Court entered a Final Judgment. *ECF Nos. 11,12,13*. On August 8, 2022, Mr. Chermol, on behalf of Martin, filed an Unopposed Motion for Attorney Fees for recovery under the Equal Access to Justice Act (EAJA). *ECF No. 22*. In support of this Motion for Attorney Fees, Mr. Chermol submitted an itemization of costs and the hours he spent representing Martin and requested compensation for $9,510.00. *Id*. Upon review of the Motion and the record in this case, and in light of the lack of opposition on the part of the Commissioner, this Court found Martin was entitled to an award of

attorney fees under the EAJA and granted the Motion, awarding $9,510.00 in attorney fees and costs made payable to Kenesha Danae Martin. *ECF No. 15*. While the EAJA requires payment of fees be made to the claimant, pursuant to a Fee Agreement between Martin and Mr. Chermol, Martin surrendered recovery of attorney fees under the EAJA to Mr. Chermol. *ECF No. 16-2, p.2*.

Following remand, the Social Security Administration (SSA) determined Martin was disabled and awarded past-due benefits in the amount of $107,964.00. As normal practice, the SSA sent Martin 75% of the past-due benefits award and withheld 25% ($26,991) for possible payment of attorney fees sought under the Social Security Act, 42 U.S.C. §§ 406(a) and 406(b).

The Fee Agreement states that upon any award of past-due benefits following his representation in federal court, Mr. Chermol could elect to *not* pursue recovery of the withheld 25% of all past due benefits under § 406(b), and *instead*, keep the EAJA award.[1] *ECF No. 16-2*. Also, upon any award of past-due benefits by an Appeals Council, the Fee Agreement provides Mr. Chermol "is entitled in such circumstances to pursue the 25% of all past due benefits through the fee petition process and/or 42 U.S.C. § 406(b) (or any combination thereof)."[2] *Id.*

Mr. Chermol did choose to pursue recovery of the withheld 25% under § 406(b).

---

[1] The Fee Agreement states: "If my case is favorably decided after an appeal to federal court, the firm/my representative may elect not to pursue fees under 42 U.S.C. § 406(b). The firm/my representative may elect to pursue fees under only 42 U.S.C. § 406(a). If so, I permit the firm/my representative to also keep any previously awarded court EAJA fees."

[2] The Fee Agreement states: "If my claim(s) is favorably decided after an appeal to the Appeals Council, I will pay the firm/my representative a fee equal to twenty five percent (25%) of all past due benefits which are awarded on my account, regardless of whether that amount exceeds Six Thousand dollars ($6,000.00). If my claim ever reaches the Appeals Council level, the firm/my representative is entitled in such circumstances to pursue the 25% of all past due benefits through the fee petition process and/or 42 U.S.C. § 406(b) (or any combination thereof)." This statement is not clear and must be presumed to apply to this situation because it appears in a paragraph beginning with "If my claim(s) is favorably decided after an appeal to the Appeals Council…." Since 406(b) only applies to recovery of attorney fees for representation in the federal court, the Court presumes the parties' intent was for Martin to surrender any award of fees under 406(b) to Mr. Chermol for his representation in this federal court.

**Motion for Attorney Fees Under § 406(b)**

Although Martin, presumably, surrendered to Mr. Chermol recovery of the remaining 25% of past due benefits, Mr. Chermol was still required to obtain this Court's approval for such recovery upon a determination of reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Jeter v. Astrue*, 622 F.3d 371, 380 (5th Cir. 2010). For this reason, Mr. Chermol filed a motion in this Court seeking recovery of attorney fees under § 406(b). *ECF No. 16*. In that Motion, Mr. Chermol represented that in a prior, but related, case, 5:19-cv-573-FB, and following a previous remand, Judge Fred Biery found Martin was entitled to an award of attorney fees and costs under the EAJA and granted her Motion for Attorney Fees, awarding $7,198.00 made payable to Kenesha Danae Martin.[3] Mr. Chermol also represented to the Court that, pursuant to their Fee Agreement, Martin surrendered both of these EAJA attorney fee awards ($16,708.00 total) to Mr. Chermol. For his services rendered in this Court and in the proceeding before Judge Biery, Mr. Chermol sought to recover the total amount of $26,991.00, which represents 25% of Martin's past due benefits award. *ECF No. 16 at Exh. A. ECF No. 16, Exh. C, pp. 2-3,6-7.*

This Court found Mr. Chermol's request for $26,991 is within the § 406(b) statutory cap and is reasonable, and therefore, approved recovery of this amount; however, the Court did not agree with Mr. Chermol's suggestion for disbursement and calculation of the amount to be disbursed to him by the SSA from the withheld past-due benefit award. Specifically, Mr. Chermol suggested that in making this payment of 25% of Martin's past-due-benefits award, the SSA subtract from the award of $26,991.00, the amount of attorney fees this Court awarded under the EAJA in both this case and the one before Judge Biery, that is, $16,708.00. Mr. Chermol suggested this offset would result in a net amount to be paid to him by the SSA under § 406(b) of

---

[3] Judge Biery actually awarded $8,000 in fees and costs under the EAJA. Because this discrepancy is not explained, the Court will presume the represented amount of a total of $16,708 is correct.

$10,283.00 ($26,991 - $16,708). This Court found Mr. Chermol's proposed net-payment disbursement to be contrary to the purpose and direction of the EAJA and § 406(b) and is, generally, a disfavored practice. *ECF No. 19*; *see also Gisbrecht v. Barnhart,* 535 U.S. at 796; *Jackson v. Astrue*, 705 F.3d at 529 n.2. Specifically, through an uncodified 1985 amendment to the EAJA, Congress passed what is known as "the Savings Provision", which clarified that an attorney does not violate § 406(b)(2)[4] by accepting an EAJA fee in addition to a court fee under § 406(b)(1)—"but only if, where the claimant's attorney receives fees for the same work under both [§ 406(b)(1)] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." *O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020); *Rice v. Astrue*, 609 F.3d 831, 836 (5th Cir. 2010) (both citing Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)). Thus, while a Court has discretion to allow the net-payment proposed by Mr. Chermol, this netting method is disfavored because the Savings Provision "imposes an obligation on the attorney—not the court, not the Commissioner—to return the amount of the smaller fee to the claimant." *O'Donnell*, 983 F.3d at 957; *See e.g. McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006); *Jenkins v. Dudek*, No. 4:19-CV-3831, 2025 WL 723030, at *1–2 (S.D. Tex. Mar. 6, 2025); *Chandler v. Kijakazi*, No. 4:20-cv-517, 2023 WL 3818390, at *6 (E.D. Tex. May 19, 2023); *Caluillo v. O'Malley*, No. 5:21-CV-00185, 2024 WL 4819268, at *2 (W.D.N.C. Nov. 18, 2024); *Koroma v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04459, 2021 WL 3190727, at *1–*2 (D. Ariz. July 28, 2021). Therefore, in the event a claimant receives an award for reasonable attorney fees under the EAJA, first, but surrenders this EAJA award to their attorney pursuant to a Fee Agreement, and then a court awards the claimant's attorney reasonable attorney fees under § 406(b), the more favored practice is to require the attorney to refund the lesser of the two fees to

---

[4] Section 406(b)(2), known as the "Savings Clause," makes it a misdemeanor offense for an attorney to collect double fees for the same work at the judicial level.

the claimant. *Jackson v. Astrue*, 705 F.3d at 529 n.2 (citing *Gisbrecht v. Barnhart,* 535 U.S. at 796); *McGraw v. Barnhart*, 450 F.3d at 497 n.2; *Joann G. v. Kijakazi*, No. 6:20-CV-073, 2023 WL 9600963, at *1 (N.D. Tex. Oct. 2, 2023). It is the role of the Court to apply the statute as written, "even if we think some other approach might accor[d] with good policy." *O'Donnell*, 983 F.3d at 958 (internal quotations and citation omitted); *Ivory v. O'Malley*, No. 19-CV-635, 2024 WL 2746104, at *3-4 (E.D. Wis. May 29, 2024). Consequently, under this favored payment structure, when Mr. Chermol elected to pursue recovery under § 406(b), this Court awarded Mr. Chermol the requested $26,991 in attorney fees and ordered that he refund to Martin the lesser of the two fees. *See ECF No. 19*; *see also Jackson v. Astrue*, 705 F.3d at 529 n.2; *Jeter v. Astrue*, 622 F.3d 371, 374 n.2 (5th Cir. 2010). This Court will continue to follow the more favored practice of requiring Mr. Chermol to refund to any claimant the lesser of the two fees received under the EAJA and § 406(b).

In the Motion to Amend Judgment, Mr. Chermol expresses concern that this payment structure is contrary to the Fee Agreement. While this may be true, any agreement between parties regarding surrender of these attorney-fee awards is void when in conflict with guiding statute and caselaw. This rule must void any portion of the Fee Agreement under which Mr. Chermol contends Martin surrendered both the EAJA award and 25% of her past-due benefits award.

Next, Mr. Chermol's arguments demonstrate a new problem with regard to the payment he ultimately received from the SSA under § 406(b). Specifically, *after* this Court's previous Order, the SSA did not pay to Mr. Chermol the full awarded amount of the 25% withheld from Martin's past due benefit award, that is $26,991. Instead, it paid him $14,991.

In its response to this pending Motion, the SSA represents to the Court it released the

authorized attorney fee awards from [Martin's] past-due benefits in accordance with agency policy. The [SSA] withholds, at most, 25 percent of a claimant's

past-due benefits for possible payment of authorized attorney fee awards. However, the benefits withheld is a single pool, from which the [SSA] may direct pay attorney's fees for both agency representation (§ 406(a) awards) and court representation (§ 406(b) awards). *See Culbertson v. Berryhill*, 139 S.Ct. 517, 523 (2019). This means that after paying fees under 406(a) the remaining withheld funds may be insufficient to directly pay some or all of the 406(b) fees ordered by a court. Here, the total awarded § 406(b) court fee of $26,991.00 (Doc. 19) plus the authorized § 406(a) agency representation fee of $12,000.00 exceeded the maximum of 25 percent of the Plaintiff's past-due benefits held in the single pool (which was $26,991.00). *After the agency paid another attorney $12,000.00 for agency representation under § 406(a), only $14,991.00 remained in the single pool of $26,991.00 (25 percent of Plaintiff's past-due benefits) to pay Mr. Chermol for court representation under § 406(b).*

*ECF No. 18.*

Thus, Mr. Chermol and the SSA now inform the Court the SSA did not pay Mr. Chermol the full amount this Court awarded under § 406(b) because: (1) it is standard SSA policy to withhold one pool of money of 25% of any past due benefits award for payment of attorney fees pursuant to §§ 406(a) *and* 406(b); (2) it pays § 406(a) fees first, and; (3) it paid $12,000 to another attorney who represented Martin in the underlying administrative proceedings, pursuant to 42 U.S.C. § 406(a), leaving only $14,991 for Mr. Chermol's recovery under § 406(b).

The Court now wishes to clarify its previous ruling for Mr. Chermol and provide further direction now that the SSA informs the Court of the shortfall of funds available to Mr. Chermol to satisfy the awarded attorney fees under § 406(b).

### SSA's Disbursement of the 25% of Benefits Withheld

Sections §§ 406(a) and (b) "provide for the discretionary award of attorney fees out of the past-due benefits recovered by a successful claimant in a Social Security action." 42 U.S.C. §§ 406(a)–(b). Section 406(a) governs fees for representation at the administration level.[5] *See* 42

---

[5] Section 406(a) "includes two ways to determine fees for representation before the agency, depending on whether a prior fee agreement exists." *Culbertson v. Berryhill*, 586 U.S. 53, 56 (2019). If the claimant has a fee agreement, subsection (a)(2) caps fees at the **lesser of 25% of past-due benefits or a set dollar amount—currently $9,200**. 42 U.S.C. § 406(a)(2)(A); *Maximum Dollar Limit in the Fee Agreement Process*, 89 Fed. Reg. 40523-02, 2024 WL

U.S.C. § 406(a). Section 406(b) governs the award of attorney fees for representing claimants in court. The Fifth Circuit once interpreted § 406 to preclude the combination of agency-attorney-fees under § 406(a) and court-attorney-fees under § 406(b) from exceeding 25% of the past-due benefits. *See Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). Recently, this jurisprudence was overruled by *Culbertson v. Berryhill*, 586 U.S. 53 (2019).

In *Culbertson*, the Supreme Court addressed the issue whether the 25% cap on attorney fees that appears in § 406(b) places a cumulative 25% cap on attorney fees payable for successful representation of a claimant before both the agency and the court, that is, whether attorney fees due under both § 406(a) and §406(b) both must be paid from the single 25% pool. *Culbertson*, 586 U.S. at 60. The Court held the 25% cap in § 406(b) applies only to fees for court representa-tion, and not to the aggregate fees awarded under §§ 406(a) and (b). *Id.* at 62. Thus, any award for court representation under § 406(b) is not reduced by an award for representation before the agency under § 406(a). *Culbertson*, 586 U.S. at 60; *Tyson C. v. O'Malley*, No. 4:17-cv-1309, 2024 WL 1996125, at *2 (S.D. Tex. May 6, 2024).

In so holding, the *Culbertson* Court acknowledged the SSA withholds a single pool of 25% of past-due benefits for direct payment of both agency (§ 406(a)) and court fees (§ 406(b)). *Id.* at 61. The Court found, however, "[t]he agency's choice to withhold only one pool of 25% of past-due benefits does not alter the statutory text, which differentiates between agency represen-tation in § 406(a) and court representation in § 406(b), contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits." *Id.*

The question before the Court now in this Motion is whether Mr. Chermol may recover the shortfall of $12,000 from Martin, beginning first with recovery using the EAJA fees she for-

---

2083394 (May 10, 2024). Although the SSA paid the administrative-procedure attorney **$12,000**, the Court must presume this disbursement was correct.

feited to him earlier, but is now entitled to recover from him under the discussed most-favorable

practice. If Mr. Chermol cannot recover the shortfall from Martin's EAJA fees, the question be-

comes whether Mr. Chermol may recover any shortfall from Martin, personally.

> The SSA states its position, and Mr. Chermol agrees, that,
>
> Ultimately, 'Social Security Act fees, whether for services before the [agency] or the court, are the plaintiff's debt and not the government's,' *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2nd Cir. 2016), and if the withheld benefits in the Commissioner's possession are 'insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past due benefits, to recover the difference.' *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008). Therefore, Mr. Chermol must look to [Martin] to recover the $12,000.00 difference remaining from the court-ordered §406(b) award of $26,991.00 (Doc. 19).

*ECF No. 18*.

Mr. Chermol contends he is entitled to recover this shortfall from Martin, and "[t]his

point is not up for debate," citing *Binder & Binder* P.C. v. Colvin, 818 F.3d 66, 71 (2d Cir. 2016)

and *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008). Indeed, *Wrenn* does hold

that when the 25% of past due benefits withheld is "insufficient to satisfy the amount of fees de-

termined reasonable by the court, the attorney must look to the claimant, not the past due bene-

fits, to recover the difference". *Wrenn*, 525 F.3d. at 933. However, these cases are not definitive

authority to guide the specific circumstance in this case. First, these cases were decided prior to

*Culbertson*. In addition, the cited cases arise out of factually distinguishable circumstances. In

*Binder*, the plaintiff law firm sought to recover fees under § 406(a) and the SSA declined to pay

the full amount of court-awarded fees because the claimant was in bankruptcy proceedings.

*Binder*, 818 F.3d at 68-69. The *Binder* Court discussed the distinct difference in recovery of fees

under 406(a) and 406(b), making it factually and legally distinguishable from the factual setting

here. *Id*. at 70-71. In *Wrenn*, the Court addressed the same issue determined in *Culbertson*:

whether the aggregate of both § 406(a) and § 406(b) fees cannot exceed 25% of past-due benefits and answered this question in alignment with *Culbertson*. *Wrenn*, 525 F.3d. at 933-938. The Court described the exact problem Mr. Chermol describes here, stating, the attorney must look to the claimant for recovery of any shortfall, not the past-due benefits or the EAJA fees, and "[a]t that point the attorney stands on the same level as other judgment creditors in attempting to collect. *Wrenn*, 525 F.3d at 933. However, the quoted language is not directly tied to the issue determined by the *Wrenn* Court or applicable to the ultimate holding. It is a sentence taken out of context and is intended to direct that the shortfall cannot come from more past-due benefits or the EAJA fees. *See Wrenn*, 525 F.3d at 933-34.

This shortfall-problem occurs because, after *Culbertson*, the SSA did not revise its policy of withholding one pool of 25% of the awarded benefits from which it pays attorney fees under §§ 406(a) and 406(b). Consequently, this continued practice after *Culbertson* can result in a shortfall of funds to pay both attorneys, as in Martin's case here. Consequently, Mr. Chermol states, if he wishes to recover his entire, court-awarded 406(b) fee when a shortfall occurs under the SSA's continued practice of withholding one pool, he *may* be forced to sue his disabled client to collect the difference. *See, e.g.*, *Culbertson*, 586 U.S. at 60.

**Clarification**

Mr. Chermol read this Court's subject Order to hold that the $12,000 shortfall is the debt of the SSA, and he must recover this shortfall from the SSA.

This was not the Court's holding, nor intent in the previous Order. At the time of the previous Order, the Court was not made aware that Mr. Chermol would, in fact, pursue recovery of this award from the SSA under 406(b), nor was the Court aware any shortfall of the awarded

amount might occur. The Court's holding was limited only to disapproval of the suggested net payment because it was not consistent with favored practice.

It appears Mr. Chermol's confusion arises from this Court's directive stating: "Should Mr. Chermol choose to continue to pursue payment of the full ordered amount from the Social Security Administration, he must inform this Court of any amount received to ensure Martin receives the full amount required by statute." This directive was made in anticipation of the situation that did occur: should Mr. Chermol choose to pursue recovery of the awarded 25% under § 406(b), which the Court understood had not yet occurred at the time of that Order, then he must inform the Court of the amount received from the SSA and of the amount he refunded to Martin so the Court could ensure Martin received the lesser of the two. Thus, this directive was limited only to requiring Mr. Chermol inform the Court that he did refund to Martin the lesser of the two fees. This directive did not express a holding that the SSA must pay the shortfall out of its general funds.

The following question, then, becomes whether Mr. Chermol may seek to recover this shortfall from Martin, personally.

Upon initial review, it appears the Fee Agreement does not contain any provision that allows Mr. Chermol to recover this deficit from Martin, as he so contends. However, to fairly answer this question definitively, the Court invites briefing on this issue: whether the Fee Agreement and/or caselaw permits Mr. Chermol to pursue a shortfall of attorney fees awarded under § 406(b) from Martin, personally. Should Mr. Chermol wish to brief this issue for the Court, within seven days from the date of this Clarification Order, he must submit an advisory indicating his desire to do so and a timeline for submittal of briefing. If Mr. Chermol does not submit this advi-

sory, this Court will enter an Order disposing of this Motion to Amend Judgment with instructions on this issue.

The Court sympathizes with Mr. Chermol's continued and prevalent inability to collect the full 25% of withheld benefits awarded as attorney fees that is created by the SSA's continued policy after *Culbertson*. However, this Court must continue to follow the favored practice which requires that he surrender the lesser of the fees received under the EAJA award and 406(b). With the SSA's continued policy of withholding one pool of 25% of past due benefits, "'[a]ny concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment'—not to this court." *Culbertson*, 586 U.S. at 62; *Nelson v. Comm'r of Soc. Sec.*, No. 21-CV-429, 2024 WL 1422617, at *1 (W.D. La. Jan. 25, 2024), report and recommendation adopted, No. 21-CV-429, 2024 WL 1417982 (W.D. La. Apr. 2, 2024); *O'Donnell v. Saul*, 983 F.3d 950, 957–59 (7th Cir. 2020); *Ivory v. O'Malley*, No. 19-CV-635, 2024 WL 2746104, at *3-4 (E.D. Wis. May 29, 2024);

Finally, aside from the unsettled issue whether Mr. Chermol may seek to recover any shortfall of court-awarded fees from Martin, since the § 406(b) amount received is less than the EAJA fee, it appears acceptable that Mr. Chermol retain the larger EAJA fee and return to Martin the lesser amount received under 406(b). *See Gisbrecht v. Barnhart, 535 U.S. at 796 (*Attorneys "must refun[d] to the claimant the amount of the smaller fee"); *Jackson v. Astrue,* 705 F.3d 529 n.2; *Kellems v. Astrue*, 628 F.3d at 217 ("The attorney must refund to the client the lesser amount of the two awards."). If this is not a sound practice, the Court invites Mr. Chermol to submit an advisory brief on this issue as well.

SIGNED this 2nd day of October, 2025.

JASON   PULLIAM
UNITED STATES DISTRICT JUDGE