UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KENESHA DANAE MARTIN,

  *Plaintiff*,

v.                                                                                    Case No. SA-21-CV-01123-JKP

KILOLO KIJAKAZI, ACTING COM-
MISSIONER OF SOCIAL SECURITY;

  *Defendant*.

# O R D E R

Before the Court is Plaintiff's counsel David Chermol's Motion to Amend Judgment Under Federal Rule of Civil Procedure 59(e). *ECF No. 24*. Defendant responded. *ECF No. 25*. Upon consideration, the Motion is GRANTED IN PART AND DENIED IN PART.

## Factual Background

On June 21, 2022, this Court granted Defendant's Unopposed Motion to Reverse with Remand for further proceedings before the Social Security Administration, and the Court entered a Final Judgment. *ECF Nos. 11,12,13*. On August 8, 2022, Mr. Chermol, on behalf of Martin, filed an Unopposed Motion for Attorney Fees for recovery under the Equal Access to Justice Act (EAJA). *ECF No. 22*. In support of this Motion for Attorney Fees, Mr. Chermol submitted an itemization of costs and the hours he spent representing Martin and requested compensation for $9,510.00. *Id*. Upon review of the Motion and the record in this case, and in light of the lack of opposition on the part of the Commissioner, this Court found Martin was entitled to an award of attorney fees under the EAJA and granted the Motion, awarding $9,510.00 in attorney fees and

costs made payable to Kenesha Danae Martin. *ECF No. 15*. While the EAJA requires payment of fees be made to the claimant, pursuant to a Fee Agreement between Martin and Mr. Chermol, Martin assigned any recovery of attorney fees under the EAJA to Mr. Chermol.[1] *ECF No. 16-2, p.2*.

Following remand, the Social Security Administration (SSA) determined Martin was disabled and awarded past-due benefits in the amount of $107,964.00. As normal practice, the SSA sent Martin 75% of the past-due benefits award and withheld 25% ($26,991) for possible payment of attorney fees sought under the Social Security Act, 42 U.S.C. § 406(a) and § 406(b).

The Fee Agreement states that upon any award of past-due benefits following his representation in federal court, Mr. Chermol could elect to *not* pursue recovery of the withheld 25% of all past due benefits under § 406(b), and *instead*, keep the EAJA award.[2] *ECF No. 16-2 (emphasis added)*. Also, upon any award of past-due benefits by an Appeals Council, the Fee Agreement provides Mr. Chermol "is entitled in such circumstances to pursue the 25% of all past due benefits through the fee petition process and/or 42 U.S.C. § 406(b) (or any combination thereof)."[3] *Id*.

Mr. Chermol did choose to pursue recovery of the withheld 25% under § 406(b).

**Motion for Attorney Fees Under § 406(b)**

---

[1] As explained further below, Mr. Chermol would be entitled to retain these EAJA fees pursuant to the Fee Agreement had he elected *not* to pursue recovery of 25% of any awarded past due benefits under 42 U.S.C. § 406(b). However, Mr. Chermol did choose to pursue this recovery under § 406(b), and thus, as explained below, this language becomes void as contrary to applicable statute and common law.

[2] The Fee Agreement states: "If my case is favorably decided after an appeal to federal court, the firm/my representative may elect not to pursue fees under 42 U.S.C. § 406(b). The firm/my representative may elect to pursue fees under only 42 U.S.C. § 406(a). If so, I permit the firm/my representative to also keep any previously awarded court EAJA fees."

[3] The Fee Agreement states: "If my claim(s) is favorably decided after an appeal to the Appeals Council, I will pay the firm/my representative a fee equal to twenty five percent (25%) of all past due benefits which are awarded on my account, regardless of whether that amount exceeds Six Thousand dollars ($6,000.00). If my claim ever reaches the Appeals Council level, the firm/my representative is entitled in such circumstances to pursue the 25% of all past due benefits through the fee petition process and/or 42 U.S.C. § 406(b) (or any combination thereof)." This statement is not clear and must be presumed to apply to this situation because it appears in a paragraph beginning with "If my claim(s) is favorably decided after an appeal to the Appeals Council…." Since 406(b) applies only to recovery of attorney fees for representation in the federal court, the Court presumes the parties' intent was for Martin to assign any award of fees under § 406(b) to Mr. Chermol for his representation in this federal court.

Pursuant to the parties' Fee Agreement, Martin assigned to Mr. Chermol a fee equal to the remaining 25% of past due benefits; however, Mr. Chermol was still required to obtain this Court's approval for such recovery upon a determination of reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Jeter v. Astrue*, 622 F.3d 371, 380 (5th Cir. 2010); *See Fee Agreement*, *ECF No. 16-2, pp.1-2*. For this reason, Mr. Chermol filed a motion in this Court seeking recovery of attorney fees under § 406(b). *ECF No. 16*. In that Motion, Mr. Chermol represented that in a prior, but related, case, 5:19-cv-573-FB, and following a previous remand, Judge Fred Biery found Martin was entitled to an award of attorney fees and costs under the EAJA and granted her Motion for Attorney Fees, awarding $7,198.00 made payable to Kenesha Danae Martin.[4] Mr. Chermol also represented to the Court that, pursuant to their Fee Agreement, Martin assigned both of these EAJA attorney fee awards ($16,708.00 total) to Mr. Chermol. For his services rendered in this Court and in the proceeding before Judge Biery, Mr. Chermol sought to recover the total amount of $26,991.00, which represents 25% of Martin's past due benefits award. *ECF No. 16 at Exh. A; ECF No. 16, Exh. C, pp. 2-3,6-7*.

This Court found Mr. Chermol's request for $26,991 for both cases is within the § 406(b) statutory cap and is reasonable, and therefore, approved recovery of this amount; however, the Court did not agree with Mr. Chermol's suggestion for disbursement and calculation of the amount to be disbursed to him by the SSA from the withheld past-due benefit award. Specifically, Mr. Chermol suggested that in making this payment of 25% of Martin's past-due-benefits award, the SSA subtract from the award of $26,991.00, the amount of attorney fees this Court awarded under the EAJA in both this case and the one before Judge Biery, that is, $16,708.00. Mr. Chermol suggested this offset would result in a net amount to be paid to him by the SSA un-

---

[4] Judge Biery actually awarded $8,000 in fees and costs under the EAJA. Because this discrepancy is not explained, the Court will presume the represented amount of a total of $16,708 is correct.

3

der § 406(b) of $10,283.00 ($26,991 - $16,708). This Court found Mr. Chermol's proposed net-payment disbursement to be contrary to the purpose and direction of the EAJA and § 406(b) and is, generally, a disfavored practice. *ECF No. 19*; *see also Gisbrecht v. Barnhart,* 535 U.S. at 796; *Jackson v. Astrue*, 705 F.3d at 529 n.2. Specifically, through an uncodified 1985 amendment to the EAJA, Congress passed what is known as "the Savings Provision", which clarified that an attorney does not violate § 406(b)(2)[5] by accepting an EAJA fee in addition to a court fee under § 406(b)(1)—"but only if, where the claimant's attorney receives fees for the same work under both [§ 406(b)(1)] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." *O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020); *Rice v. Astrue*, 609 F.3d 831, 836 (5th Cir. 2010) (both citing Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)). Thus, while a Court has discretion to allow the net-payment proposed by Mr. Chermol, this netting method is disfavored because the Savings Provision "imposes an obligation on the attorney—not the court, not the Commissioner—to return the amount of the smaller fee to the claimant." *O'Donnell*, 983 F.3d at 957; *See e.g. McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006); *Jenkins v. Dudek*, No. 4:19-CV-3831, 2025 WL 723030, at *1–2 (S.D. Tex. Mar. 6, 2025); *Chandler v. Kijakazi*, No. 4:20-cv-517, 2023 WL 3818390, at *6 (E.D. Tex. May 19, 2023); *Caluillo v. O'Malley*, No. 5:21-CV-00185, 2024 WL 4819268, at *2 (W.D.N.C. Nov. 18, 2024); *Koroma v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04459, 2021 WL 3190727, at *1–*2 (D. Ariz. July 28, 2021). Therefore, in the event a claimant receives an award for reasonable attorney fees under the EAJA, first, but assigns this EAJA award to their attorney under a Fee Agreement, and then a court awards the claimant's attorney reasonable attorney fees under § 406(b), the more favored practice is to require the attorney to refund the lesser of the two fees to

---

[5] Section 406(b)(2), known as the "Savings Clause," makes it a misdemeanor offense for an attorney to collect double fees for the same work at the judicial level.

the claimant. *Jackson v. Astrue*, 705 F.3d at 529 n.2 (citing *Gisbrecht v. Barnhart,* 535 U.S. at 796); *McGraw v. Barnhart*, 450 F.3d at 497 n.2; *Joann G. v. Kijakazi*, No. 6:20-CV-073, 2023 WL 9600963, at *1 (N.D. Tex. Oct. 2, 2023). It is the role of the Court to apply the statute as written, "even if we think some other approach might accor[d] with good policy." *O'Donnell*, 983 F.3d at 958 (internal quotations and citation omitted); *Ivory v. O'Malley*, No. 19-CV-635, 2024 WL 2746104, at *3-4 (E.D. Wis. May 29, 2024). Consequently, under this favored payment structure, when Mr. Chermol elected to pursue recovery under § 406(b), this Court awarded Mr. Chermol the requested $26,991 in attorney fees and ordered that he return to Martin the lesser of the two fees. *See ECF No. 19*; *see also Jackson v. Astrue*, 705 F.3d at 529 n.2; *Jeter v. Astrue*, 622 F.3d 371, 374 n.2 (5th Cir. 2010). This Court will continue to follow the more favored practice of requiring Mr. Chermol to return to any claimant the lesser of the two fees received under the EAJA and § 406(b).

In the Motion to Amend Judgment and in his Response to this Court's Clarification Order requesting further briefing, Mr. Chermol requests the Court have "mercy" on this point, and Mr. Chermol expresses concern that this payment structure is contrary to the Fee Agreement. While the Fee Agreement may allow for Mr. Chermol's proposed offset payment structure[6], any agreement between parties regarding assignment of these attorney-fee awards is void when in conflict with guiding statute and caselaw. Consequently, any portion of the Fee Agreement contrary to this Court's adherence to the favored practice of requiring Mr. Chermol to refund to any claimant the lesser of the two fees received under the EAJA and § 406(b) is void and ineffectual.

---

[6] The Court makes this statement as a reflection of Mr. Chermol's position, not as a Court finding or ruling on this substantive point.

5

For this reason, the Court DENIES Mr. Chermol's Motion to Amend Judgment to the extent he seeks offset payment of $10,283. The Court holds Mr. Chermol is entitled to retain the greater of the two fee awards and must return to Martin the lesser of the two.

Next, as explained in the Clarification Order, Mr. Chermol's arguments demonstrate a new problem with regard to the payment he ultimately received from the SSA under § 406(b). Specifically, *after* this Court's Order awarding fees under §406(b), the SSA did not pay to Mr. Chermol the full awarded amount of the 25% withheld from Martin's past due benefit award, that is $26,991. Instead, it paid him $14,991.

In its response to the Motion to Alter Judgment, the SSA represents to the Court it released the

> authorized attorney fee awards from [Martin's] past-due benefits in accordance with agency policy. The [SSA] withholds, at most, 25 percent of a claimant's past-due benefits for possible payment of authorized attorney fee awards. However, the benefits withheld is a single pool, from which the [SSA] may direct pay attorney's fees for both agency representation (§ 406(a) awards) and court representation (§ 406(b) awards). *See Culbertson v. Berryhill*, 139 S.Ct. 517, 523 (2019). This means that after paying fees under 406(a) the remaining withheld funds may be insufficient to directly pay some or all of the 406(b) fees ordered by a court. Here, the total awarded § 406(b) court fee of $26,991.00 (Doc. 19) plus the authorized § 406(a) agency representation fee of $12,000.00 exceeded the maximum of 25 percent of the Plaintiff's past-due benefits held in the single pool (which was $26,991.00). *After the agency paid another attorney $12,000.00 for agency representation under § 406(a), only $14,991.00 remained in the single pool of $26,991.00 (25 percent of Plaintiff's past-due benefits) to pay Mr. Chermol for court representation under § 406(b).*

ECF No. 18 (emphasis in original).

Thus, Mr. Chermol and the SSA now inform the Court the SSA did not pay Mr. Chermol the full amount this Court awarded under § 406(b) because: (1) it is standard SSA policy to withhold one pool of money of 25% of any past due benefits award for payment of attorney fees pursuant to §§ 406(a) *and* 406(b); (2) it pays § 406(a) fees first, and; (3) it paid $12,000 to an-

other attorney who represented Martin in the underlying administrative proceedings, pursuant to 42 U.S.C. § 406(a), leaving only $14,991 for Mr. Chermol's recovery under § 406(b).

**SSA's Disbursement of the 25% of Benefits Withheld**

Sections 406(a) and (b) "provide for the discretionary award of attorney fees out of the past-due benefits recovered by a successful claimant in a Social Security action." 42 U.S.C. § 406(a)–(b). Section 406(a) governs fees for representation at the administration level.[7] *See* 42 U.S.C. § 406(a). Section 406(b) governs the award of attorney fees for representing claimants in court. The Fifth Circuit once interpreted § 406 to preclude the combination of agency-attorney-fees under § 406(a) and court-attorney-fees under § 406(b) from exceeding 25% of the past-due benefits. *See Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). Recently, this jurisprudence was overruled by *Culbertson v. Berryhill*, 586 U.S. 53 (2019).

In *Culbertson*, the Supreme Court addressed the issue whether the 25% cap on attorney fees that appears in § 406(b) places a cumulative 25% cap on attorney fees payable for successful representation of a claimant before both the agency and the court, that is, whether attorney fees due under both § 406(a) and §406(b) both must be paid from the single 25% pool. *Culbertson*, 586 U.S. at 60. The Court held the 25% cap in § 406(b) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b). *Id.* at 62. Thus, any award for court representation under § 406(b) is not reduced by an award for representation before the agency under § 406(a). *Culbertson*, 586 U.S. at 60; *Tyson C. v. O'Malley*, No. 4:17-cv-1309, 2024 WL 1996125, at *2 (S.D. Tex. May 6, 2024).

---

[7] Section 406(a) "includes two ways to determine fees for representation before the agency, depending on whether a prior fee agreement exists." *Culbertson v. Berryhill*, 586 U.S. 53, 56 (2019). If the claimant has a fee agreement, subsection (a)(2) caps fees at the **lesser of 25% of past-due benefits or a set dollar amount—currently $9,200**. 42 U.S.C. § 406(a)(2)(A); *Maximum Dollar Limit in the Fee Agreement Process*, 89 Fed. Reg. 40523-02, 2024 WL 2083394 (May 10, 2024). Although the SSA paid the administrative-procedure attorney **$12,000**, the Court must presume this disbursement was correct.

7

In so holding, the *Culbertson* Court acknowledged the SSA withholds a single pool of 25% of past-due benefits for direct payment of both agency (§ 406(a)) and court fees (§ 406(b)). *Id.* at 61. The Court found, however, "[t]he agency's choice to withhold only one pool of 25% of past-due benefits does not alter the statutory text, which differentiates between agency representation in § 406(a) and court representation in § 406(b), contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits." *Id.*

The question before the Court now in this Motion is whether Mr. Chermol may recover the shortfall of $12,000 from Martin, beginning first with the assigned EAJA fees. If Mr. Chermol cannot recover the shortfall from Martin's EAJA fees, the question becomes whether Mr. Chermol may recover any shortfall from Martin, personally.

The SSA states its position, and Mr. Chermol agrees, that,

> Ultimately, 'Social Security Act fees, whether for services before the [agency] or the court, are the plaintiff's debt and not the government's,' *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2nd Cir. 2016), and if the withheld benefits in the Commissioner's possession are 'insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past due benefits, to recover the difference.' *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008). Therefore, Mr. Chermol must look to [Martin] to recover the $12,000.00 difference remaining from the court-ordered §406(b) award of $26,991.00 (Doc. 19).

*ECF No. 18*. Mr. Chermol contends he is entitled to recover this shortfall from Martin, and "[t]his point is not up for debate," citing *Binder & Binder* P.C. v. Colvin, 818 F.3d 66, 71 (2d Cir. 2016) and *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).

Indeed, *Wrenn* does hold that when the 25% of past due benefits withheld is "insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past due benefits, to recover the difference". *Wrenn*, 525 F.3d. at 933. However, these cases are not definitive authority to guide the specific circumstance in this case. First,

8

these cases were decided prior to *Culbertson*. In addition, the cited cases arise out of factually distinguishable circumstances.

In *Binder*, the plaintiff law firm sought to recover fees under § 406(a) and the SSA declined to pay the full amount of court-awarded fees because the claimant was in bankruptcy proceedings. *Binder*, 818 F.3d at 68-69. The *Binder* Court discussed the distinct difference in recovery of fees under 406(a) and 406(b), making it factually and legally distinguishable from the factual setting here. *Id*. at 70-71.

In *Wrenn*, the Court addressed the same issue determined in *Culbertson*: whether the aggregate of both § 406(a) and § 406(b) fees cannot exceed 25% of past-due benefits and answered this question in alignment with *Culbertson. Wrenn*, 525 F.3d. at 933-938. The Court described the exact problem Mr. Chermol describes here, stating, the attorney must look to the claimant for recovery of any shortfall, not the past-due benefits or the EAJA fees, and "[a]t that point the attorney stands on the same level as other judgment creditors in attempting to collect. *Wrenn*, 525 F.3d at 933. However, the quoted language is not directly tied to the issue determined by the *Wrenn* Court or applicable to the ultimate holding. It is a sentence taken out of context and is intended to direct that the shortfall cannot come from more past-due benefits or the EAJA fees. *See Wrenn*, 525 F.3d at 933-34.

This shortfall-problem occurs because, after *Culbertson*, the SSA did not revise its policy of withholding one pool of 25% of the awarded benefits from which it pays attorney fees under §§ 406(a) and 406(b). Consequently, this continued practice after *Culbertson* can result in a shortfall of funds to pay both attorneys, as in Martin's case here. The Court sympathizes with Mr. Chermol's continued and prevalent inability to collect the full 25% of withheld benefits awarded as attorney fees that is created by the SSA's continued policy after *Culbertson*. Howev-

9

er, this Court must continue to follow the favored practice which requires that he return to Martin the lesser of the fees received under the EAJA award and § 406(b). With the SSA's continued policy of withholding one pool of 25% of past due benefits, "'[a]ny concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment'—not to this court." *Culbertson*, 586 U.S. at 62; *Nelson v. Comm'r of Soc. Sec.*, No. 21-CV-429, 2024 WL 1422617, at *1 (W.D. La. Jan. 25, 2024), report and recommendation adopted, No. 21-CV-429, 2024 WL 1417982 (W.D. La. Apr. 2, 2024); *O'Donnell v. Saul*, 983 F.3d 950, 957–59 (7th Cir. 2020); *Ivory v. O'Malley*, No. 19-CV-635, 2024 WL 2746104, at *3-4 (E.D. Wis. May 29, 2024);

Due to the SSA's policy of withholding one pool of 25% of the awarded benefits from which it pays attorney fees under §§ 406(a) and 406(b), Mr. Chermol states, if he wishes to recover his entire, court-awarded § 406(b) fee when a shortfall occurs, he *may* be forced to sue his disabled client to collect the difference. *See, e.g.*, *Culbertson*, 586 U.S. at 60. The following question, then, becomes whether Mr. Chermol may seek to recover this shortfall from Martin, personally.

Upon initial review of the parties' specific Fee Agreement, the Court concluded it appears the Fee Agreement does not contain any provision that allows Mr. Chermol to recover this deficit from Martin, as he so contends. However, to fairly answer this question definitively, in the Clarification Order, the Court invited briefing on this issue: whether the Fee Agreement and/or caselaw permits Mr. Chermol to pursue a shortfall of attorney fees awarded under § 406(b) from Martin, personally. Mr. Chermol responded that he did not have the time to do so, given the overwhelming amount of work created by the government shutdown. The Court must,

10

consequently, issue a ruling on the Motion to Amend Judgment without the benefit of this briefing.

> The Fee Agreement states,
>
> If my claim(s) is favorably decided after an appeal to the Appeals Council, I will pay the firm/my representative a fee equal to twenty five percent (25%) of all past due benefits which are awarded on my account, . . . . If my claim ever reaches the Appeals Council level, the firm/my representative is entitled in such circumstances to pursue the 25% of all past due benefits through the fee petition process and/or 42 U.S.C. § 406(b) (or any combination thereof). . . .

*ECF No. 16-2, p. 1*.

Pursuant to this language, Martin assigned to Mr. Chermol as payment for his services 25% of any past due benefits awarded to her in the event her claim was "favorably decided after an appeal to the Appeals Council." This event did occur in this case, and, on remand after appeal to this federal court, Martin was awarded past due benefits. However, this Fee-Agreement language also limits Mr. Chermol's recovery of this assigned 25% of past due benefits to "the fee petition process and/or 42 U.S.C. § 406(b)." *Id*.

Consequently, specific to this Fee Agreement language in this case, this Court finds this Fee-Agreement does not anticipate or permit Mr. Chermol to recover any shortfall of 25% of the past due benefits from Martin, personally, but instead, limits his pursuit of recovery of the assigned 25% of benefits to "the fee petition process and/or 42 U.S.C. § 406(b)." Because this Court's finding on this substantive matter is based upon the specific language in these parties' Fee Agreement, this specific holding is limited to the facts in this case.

Thus, the Court DENIES Mr. Chermol's Motion to Amend Judgment to the extent he seeks to recover the $12,000 shortfall of §406(b) court-awarded fees from Martin, personally, or by offsetting any return of the attorney fees awarded under the EAJA.

Finally, based upon the language in *Gisbrecht* stating attorneys "must refun[d] to the claimant the amount of the smaller fee" of the EAJA award and the § 406(b) award, the Court concludes Mr. Chermol may retain the larger EAJA fee and return to Martin the lesser amount received under § 406(b). *See Gisbrecht v. Barnhart,* 535 U.S. at 796; *Jackson v. Astrue,* 705 F.3d 529 n.2; *Kellems v. Astrue*, 628 F.3d at 217 ("The attorney must refund to the client the lesser amount of the two awards.").[8]

Thus, the Court GRANTS Mr. Chermol's Motion to Amend Judge to the extent he seeks recovery of the larger of the two fees: (1) $16,708 awarded under the EAJA, or (2) $14,991 received from SSA under § 406(b).

Mr. Chermol represents he refunded to Martin a total of $4,708.00.[9] *ECF No. 28, p. 4*. This Court awarded EAJA fees in this case of $9,510.00, and Judge Biery awarded $7,198.00, a total of $16,708.00. The Court awarded recovery of attorney fees under § 406(b) in the amount of $26,991; however, Mr. Chermol received only $14,991. The Court finds Mr. Chermol is entitled to retain the greater of the two fees, that is the EAJA award of $16,708, and must refund to Martin the lesser of the two fees, $14,991. *Gisbrecht v. Barnhart,* 535 U.S. at 796; *Jackson v. Astrue,* 705 F.3d 529 n.2; *Kellems v. Astrue*, 628 F.3d at 217 ("The attorney must refund to the client the lesser amount of the two awards.").

Because Mr. Chermol already returned to Martin $4,708.00, he must now return to her $10,283.00 ($14,991-$4,708). *See id*. Mr. Chermol must return this amount to Martin on or before November 3, 2025. The Court Orders Mr. Chermol provide to Martin a copy of the Court's

---

[8] The Court also invited briefing on this issue in the Clarification Order; however, Mr. Chermol, again, responded that he did not have the time to do so, given the overwhelming amount of work created by the government shutdown.

[9] Although specifically ordered by this Court not to do so, it appears Mr. Chermol already attempted to collect the $12,000 shortfall from Martin by subtracting this shortfall from her EAJA fees the Court ordered returned to her ($16, 708 - $12,000=$4,708). Thus, even though Mr. Martin already recovered this $12,000 shortfall from Martin, personally, he also attempts to recover this shortfall, again, in this Motion to Alter Judgement and through his firm's notice to her that she still owes the firm $12,000. *See ECF No. 28, Response to Court Order, p. 4*.

12

Clarification Order and this Order with this return. The Court Orders Mr. Chermol advise Martin she does not owe his firm $12,000 as advised in his firm's letter to her. The Court Orders Mr. Chermol to file an advisory with this Court on or before November 7, 2025, attesting that he did return to Martin $10,283, he did advise Martin she does not owe his firm $12,000, and did provide to Martin copies of these specified Court Orders.

The Court is cognizant and respectful of Mr. Chermol's expressed concerns and his difficulties in obtaining court-ordered fees from the SSA under § 406(b). The Court is appreciative of Mr. Chermol's abilities and competency in representation of clients in this venue. However, the Court must follow the statutes and Fifth Circuit jurisprudence in its rulings regarding his recovery of attorney fees under both the EAJA and § 406(b).

## Conclusion

The Court GRANTS IN PART AND DENIES IN PART Mr. Chermol's Motion to Amend Judgment. Mr. Chermol may retain the amount of $16,708 in attorney fees awarded to Martin under the EAJA. Mr. Chermol must return to Martin the total amount of $10,283.00 ($14,991-$4,708). Mr. Chermol must file an advisory with this Court on or before November 7, 2025, attesting he did return $10,283.00 to Martin, he did advise Martin she does not owe his firm $12,000, and did provide to Martin copies of the Court's Clarification Order and this Order. The Court finds Mr. Chermol may not pursue from Martin, personally, any recovery of any fees he perceives he is owed or that is a shortfall in any awarded fees.

It is so ORDERED.
SIGNED this 23rd day of October, 2025.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE